**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No. 08-cv-02325-LTB-BNB

HOWARD GRIEGO,
PAUL CHANDLER-BEY, and
HENRY DOMINGUEZ,

      Plaintiffs,

v.

BARTON LEASING, INC.,

      Defendant.

___

**ORDER**
___

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment Directed to All Claims Asserted By Plaintiff Griego, filed October 23, 2009 (docket #21); Plaintiff Griego's Response, filed December 13, 2009 (docket #30); and Defendant's Reply, filed January 7, 2010 (docket #36). Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, Defendant's motion is granted.

    I.    <u>STANDARD OF REVIEW</u>

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co.*, Inc., 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex, supra*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I will grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); Fed. R. Civ. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby, supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the

criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id.*

    II.    <u>ANALYSIS</u>

The following facts are alleged. Barton is a distributor of fabricated rebar, structural steel, concrete forming systems, and other concrete construction accessories. Barton currently employs approximately 75 employees at three Colorado locations. From 1999 until 2003, Barton grew from 100 to 220 employees. During the third quarter of 2003, and continuing through 2004, Barton had financial difficulty. In 2004, Barton brought in a business consultant who hired a management team to implement standard business processes and controls. New management made significant changes, including reduction in force and the closing of two locations.

Mr. Griego began working in Barton's warehouse in March 1999. He was terminated on November 28, 2005, as part of a reduction in force and for his alleged unprofessional behavior. Plaintiff subsequently brought this lawsuit claiming that Defendant discriminated against him on the basis of his national origin. Plaintiff also alleges that his termination was in violation of the Americans with Disabilities Act ("ADA"). Mr. Griego, prior to his employment at Barton, was addicted to narcotics and was convicted of felony possession of a controlled substance. Mr. Griego was addicted to methamphetamine in or around the end of 1994 to 1995. Plaintiff asserts that due to his former addiction he is disabled as defined by the ADA.

In Title VII cases without direct evidence of discrimination, I must apply the three part burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). The plaintiff must first establish a prima facie case of

3

prohibited employment action.  *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).  This burden is not onerous.  *Id.*  If the employee makes a prima facie showing, the burden shifts to the defendant employer to state a legitimate "nondiscriminatory reason" for its "adverse employment action."  *Id.*  "If the employer meets this burden then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual."  *Id.*

To make out a prima facie case of discrimination, a Plaintiff must demonstrate: (1) membership in a protected class; (2) adverse employment action; and (3) disparate treatment among similarly situated employees.  *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005).

To make out a prima facie case of discrimination under the ADA, Plaintiff must establish: "(1) he is a disabled person as defined by the ADA; (2) he is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) his employer discriminated against him because of his disability.*"  See MacKenzie v. City and County of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).  Once Plaintiff establishes his prima facie case, Defendant bears the burden of providing a legitimate, nondiscriminatory reason for the adverse employment decision.  *See Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir. 1999).  If Defendant is able to articulate a legitimate, nondiscriminatory reason, the burden shifts back to Plaintiff to show the justification to be pretextual.  *See id.* at 748.  "The [ADA] defines disability as either (1) a physical or mental impairment that substantially limits one or more of an individual's major life activities, 42 U.S.C. § 12102(2)(A); (2) a record of such an impairment, 42 U.S.C. § 12102(2)(B); or (3) being regarded as having such an

impairment, 42 U.S.C. § 12102(2)(C)."  *MacKenzie, supra*, 414 F.3d at 1275.

Here, the only evidence that Plaintiff attached to his Response was his own unsworn affidavit and two articles printed from the internet.  The two internet articles are not admissible evidence.  As for the Plaintiff's unsworn affidavit, it cannot be used to support motions for summary judgment or response thereto.  See *Barnes v. United States*, 173 Fed.Appx. 695 citing *Small v. Lehman*, 98 F.3d 762, 764 n.5 (3d. Cir. 1996). *See also* Fed. R. Civ. 56(3) (requiring the nonmoving party to go beyond the pleadings and by his own affidavits, or by depositions, interrogatories, admissions on file, to designate specific facts showing that there is genuine issue for trial).  Nor does the statement meet the requirements of 28 U.S.C. §1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made under penalty of perjury and verified as true and correct.  See *Nisso-Iwai American Corp. v. Kline*, 845 F.2d 1300 (5th Cir. 1988)(holding that plaintiff's affidavit was not in conformity with 28 U.S.C. § 1746 when it allowed affiant to circumvent penalties for perjury as it contained no statement that it was made subject to penalties of perjury and affiant never declared her statement to be true and correct, the affidavit must be disregarded as summary judgment proof).  Further, Plaintiff failed to submit any other admissible evidence in response to defendant's motion for summary judgment.  Taking as true the uncontroverted, properly-supported, factual statements of Defendant Barton, Defendant's Motion for Summary Judgment Directed to All Claims Asserted by Plaintiff Howard Greigo, filed October 23, 2009 (docket #21) is **GRANTED**.  It is

FURTHER ORDERED that all claims filed by Plaintiff Howard Greigo are **DISMISSED WITH PREJUDICE, with costs awarded to Defendant**.

Dated: February 19, 2010

BY THE COURT:

s/Lewis T. Babcock
Lewis T. Babcock, Judge