**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Case No.  08-cv-02325-LTB-BNB

HOWARD GRIEGO,
PAUL CHANDLER-BEY, and
HENRY DOMINGUEZ,

        Plaintiffs,

v.

BARTON LEASING, INC.,

        Defendant.

---

**ORDER**

---

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment Directed to All Claims Asserted By Plaintiff Dominguez, filed October 23, 2009 (docket #23); Plaintiff Dominguez' Response, filed December 11, 2009 (docket #29); and Defendant's Reply, filed January 7, 2010 (docket #35).  Oral argument would not materially assist the determination of this motion.  After consideration of the motion, the papers, and the case file, and for the reasons stated below, Defendant's motion is granted.

    I.    <u>BACKGROUND</u>

The following facts are alleged.  Barton is a distributor of fabricated rebar, structural steel, concrete forming systems, and other concrete construction accessories.  Barton currently employs approximately 75 employees at three Colorado locations.  From 1999 until 2003, Barton grew from 100 to 220 employees.  During the third quarter of 2003, and continuing through 2004, Barton had financial difficulty.  In 2004, Barton brought in business

consultant who hired a management team to implement standard business processes and controls.  New management made significant changes, including reduction in force and the closing of two locations.

Plaintiff began working in Barton's warehouse on March 3, 1999.  Soon thereafter, Barton promoted Plaintiff to a mechanic position at Barton.  Plaintiff's job responsibilities were to maintain Barton's fleet, diagnose and repair problems with the vehicles, verify that all repairs were performed properly, and travel offsite to repair Barton vehicles.  In December 2005, during his annual evaluation, it was noted that Plaintiff needed a Colorado driver's license.  Employee Performance Evaluation for Mr. Dominguez, dated December 30, 2005.  During the last year of Plaintiff's employment, Barton utilized an additional employee to drive Plaintiff offsite to service disabled Barton vehicles.  According to Plaintiff, this only happened on rare occasions.  Dominguez Aff. ¶ 3.  In May 2006, a mechanic at Barton's Aurora location, voluntarily resigned from Barton.  On June 1, 2006, Barton hired an individual to fill the mechanic position vacated the previous month.  This employee was white.

In 2005 and 2006, Barton's sales slowed and Barton management decided to close Barton's Commerce City location.   In his affidavit, Donald Barton testified that as part of the workforce adjustment, Barton determined that it could not retain more than one mechanic on staff.  D. Barton Aff., ¶ 21.  Barton terminated the employment of Plaintiff on August 25, 2006.  Plaintiff testified in his deposition that when he was terminated he was told that "there wasn't any more work because there wasn't enough to do, but I had about six or eight cars in back of me ...."  Dominguez Dep. 63:22-64;13; 65:9-7.

Barton states that Plaintiff was included in the reduction in force because Plaintiff did not satisfy the job requirements (i.e. a valid driver's license) for the mechanic's position.  D. Barton. Aff. ¶22.  Plaintiff states that he had been perform the essential functions of his job as a mechanic and did so for many years without a drivers license.  Dominguez Aff ¶ 3.  Barton testified that due to Barton's financial condition, Barton management determined that it could no longer afford to utilize additional manpower to assist Plaintiff.  D. Barton. Aff. ¶23.  Plaintiff states that he was never informed of this issue.  Dominguez Aff ¶ 5.

II.    STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary.  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party.  *Mares v. ConAgra Poultry Co.*, Inc., 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex*, *supra*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).  If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined.  *See id.* at 322.  It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing

3

a genuine issue for trial. *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); Fed. R. Civ. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby, supra*, 477 U.S. at 254. The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id.*

III.    ANALYSIS

In Title VII cases without direct evidence of discrimination, I must apply the three part burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-805 (1973). The plaintiff must first establish a prima facie case of prohibited employment action. *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). This burden is not onerous. *Id.* If the employee makes a prima facie showing, the burden shifts to the defendant employer to state a legitimate "nondiscriminatory reason" for its "adverse employment action." *Id.* "If the employer meets this burden then summary judgment is warranted unless the employee can show there is a genuine issue of material fact as to whether the proffered reasons are pretextual." *Id.*

4

"To make out a prima facie case of discrimination, the [ ] Plaintiff [ ] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City of Alburqureque*, 417 F.3d 1144, 1149 (10th Cir. 2005). Defendant asserts that Mr. Dominguez's Title VII claim fails because he cannot establish the third element of a prima facie case.

As an initial matter, I must state that the parties agree that Plaintiff is a member of a protected class. As to the second element, whether there has been an adverse employment action, Defendant argues that two of the three actions allegedly performed by Barton which Mr. Dominguez claims were discriminatory do not rise to the level of an adverse employment action under Title VII. Mr. Dominguez alleges that the following acts were discriminatory: 1) Barton allegedly expected Plaintiff to finish his tasks quicker than such tasks normally would take; 2) Barton allegedly expected Plaintiff to paint Barton trucks without a paint booth; and 3) Barton terminated Plaintiff's employment. Defendant asserts that the termination of employment is the only action which qualifies as an adverse employment action. Plaintiff does not address this issue in his Response.

An adverse employment action "must be materially adverse to the employee's job status." *Duncan v. Manager, Dep't of Safety, Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005). Only "acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing significant change in benefits" will rise to the level of an adverse employment action. *Dick v. Phone Directories Co., Inc.* 397 F.3d 1256,1268 (10th Cir. 2005). "A mere inconvenience or alteration of job responsibilities" does not constitute an adverse employment action. *Id.* Here, I find as a matter of law that the only significant change in

5

employment status that Plaintiff alleges is his termination of employment.  The other allegations do not constitute an adverse employment action.

Defendant also argues that Dominguez provides no evidence that he was treated differently than similarly-situated non-minority employees.  Plaintiff asserts that shortly before the "reduction in force" asserted by Defendant, Defendant hired a white male mechanic to fill a position at its other location.  Plaintiff notes that Mr. Dominguez, whom had been employed with the company for a significant period of time, was terminated while the other employee remained on the job.  Plaintiff also notes that the defendant originally argued to the EEOC that it had offered Plaintiff a position at a new location and that he turned it down.  Plaintiff argues that the company never offered him a new position because he would have accepted.  Plaintiff asserts that these facts clearly indicate that Mr. Dominguez was treated differently than the other non-Hispanic employee.

I find, viewing the facts in the light most favorable Plaintiff, that the plaintiff has failed to produce any evidence of disparate treatment amongst similarly situated employees.  In order for the Plaintiff to make an appropariate comparison between himself and a nonminority employee, Plaintiff should have compared himself to one that did not meet the minimum job requirements for the position, i.e. another employee whom was retained in spite of his failure to acquire a driver's license.  Mr. Dominguez and this other unnamed white mechanic were not similarly situated.  Barton terminated Mr. Dominguez during a reduction in force.  And despite Mr. Dominguez' arguments to suggest otherwise, Mr. Dominguez could not satisfy the minimum job requirements.  Mr. Dominguez was previously notified that he needed to obtain a driver's license.  The fact that Barton, during a more solvent financial period, was willing to provide another employee to test drive vehicles and

travel offsite with the plaintiff to repair disabled vehicles does not negate the fact that a driver's license was requirement for his position.   I find that as a matter of law, Plaintiff cannot establish the third element of his prima facie case.  As such, I find that Defendant's Motion for Summary Judgment Directed to All Claims Asserted by Plaintiff Dominguez, filed October 23, 2009 (docket #23) is **GRANTED**.  It is

FURTHER ORDERED that all claims filed by Plaintiff Henry Dominguez are **DISMISSED WITH PREJUDICE**, with costs awarded to Defendant.

Dated: February 19, 2010

BY THE COURT:

\_\_\_s/Lewis T. Babcock_____
Lewis T. Babcock, Judge